Parker, J.
The evidence does not warrant the finding of the trial court.
The defendant did not employ plaintiff, or his assignors, and did not authorize Van Schaick to employ them for her, or on her account. Plaintiff and his. assignors do not even pretend that she employed them, or that Van Schaick claimed that the employment was for her, that he was her agent, and that he was not the principal, and managing the quarries as theretofore; or that during the time of their employment they even knew or heard that she was in any wise interested in the quarry or contract in question. On the contrary, it does appear that Van Schaick owned the-quarry, had operated it for a number of years, employed the plaintiff and his assignors, paid them on account of their services, kept the accounts between them and himself, and operated the quarry down to the date when the claims for which this action was brought accrued.
From the facts admitted, aside from the assignment of the contract as collateral security, it is clear, that the defendant was not the employer, and equally clear that Van Schaick was, and was so regarded by the plaintiff.
Unless then the legal effect of the assignment was such as to constitute this defendant the principal, and Van Schaick her agent in the working of the quarries, the decision is not only against the weight of evidence, but is absolutely without evidence to support it.
Now by the terms of this assignment executed by Van Schaick alone, defendant by its acceptance obligated herself to take it as collateral security for her debt, and to apply such sums as she should receive by reason of the security on account of such indebtedness until fully paid. No other condition was imposed or sought to be imposed by it. Its acceptance created no legal obligation on her part either toward Van Schaick or the Canal Company to see that the contract itself was performed. She had the right as against Van Schaick to enter upon its performance, if she chose. Neither he nor anyone else had the right to insist that she should perform. She might undertake it or not, at her own election She elected not to perform, and *329 passively accepted this collateral security for an acknowledged debt.
The legal effect of that which Van Schaick did was to pledge this contract with the canal company to the defendant. It remained his contract after the assignment as much as before, subject to the conditions and Hen of the pledge. As between Van Shaick and the company he was, at all times bound to perform the contract, and the defendant had no right to interfere with such performance in any other way than as Van Schaick’s agent, under the appointment contained in the assignment.
She never assumed any such right. Had she done so she would have been agent for Van Shaick and not Van Shaick her agent. To have constituted him her agent would have required some act on her part outside of and beyond the contract. No such act is proven or claimed.
Judgment reversed and a new trial granted, costs to abide event.
Landon, Oh. J., and Fish, J., concur.